UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

Nº 08-CV-2209 (JFB)
_____

IN RE: MARCEL C. BRISTOL,

Debtor.

MARCEL C. BRISTOL,

Appellant,

VERSUS

NEIL H. ACKERMAN,

Appellee.
_____

MEMORANDUM AND ORDER
February 2, 2009
_____

JOSEPH F. BIANCO, District Judge:

The instant case is an appeal from the bankruptcy proceeding of Debtor Marcel C. Bristol ("Appellant" or "Debtor"), pursuant to Chapter 7 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court"). Specifically, Debtor, proceeding *pro se*, is appealing the Order of the Bankruptcy Court, dated April 14, 2008, dismissing the case for failure by the Debtor to receive budget and credit counseling during the 180-day period preceding the date of the filing of the bankruptcy petition, as required under 11 U.S.C. § 109(h)(1).

As set forth below, after a *de novo* review, the Court finds Appellant's arguments on appeal to be without merit and affirms the April 14, 2008 Order of the Bankruptcy Court.

I. BACKGROUND[1]

Since January 2008, Debtor has been incarcerated at the Nassau County Correctional Facility. On March 3, 2008, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On March 24, 2008, the Bankruptcy Court issued

---

[1] The undisputed facts of the Bankruptcy Court Proceeding are taken from the Appellant's Brief, and the documents annexed thereto, unless otherwise indicated.

an Order to Show Cause, directing that Debtor show cause on April 9, 2008 as to why the bankruptcy petition should not be dismissed due to the Debtor's failure to satisfy the budget and credit counseling requirement. The Order to Show Cause specifically noted that "to the extent the Debtor remains incarcerated, the Debtor is authorized to appear telephonically at the Order to Show Cause Hearing and the Court will make arrangement for his participation by telephone." (March 24, 2008 Order, at 2.) On April 9, 2008, the Order to Show Cause Hearing took place, with the Debtor appearing telephonically and no one appearing in opposition. On April 14, 2008, the Court issued an Order dismissing the case because "at the hearing, the Court found that because the Debtor failed to receive budget and credit counseling during the 180-day period preceding the date of the filing of the petition as mandated by 11 U.S.C. § 109(h)(1), the Debtor is ineligible for relief under the Bankruptcy Code." (April 14, 2008 Order, at 2.)

The Debtor appealed to this Court from the April 14, 2008 Order. On July 24, 2008, Debtor filed his brief in support of his appeal. On November 10, 2008, this Court issued an Order requesting that the appellee advise the Court as to whether appellee opposes the relief sought and the legal basis for that opposition. On November 20, 2008, appellee submitted a letter to the Court explaining why appellee believes the appeal should be denied.

II. STANDARD OF REVIEW

The Court will review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error. *See In re Hyman*, No. 05-7026-BK, 2007 WL 2492789, at \*3 (2d Cir. Sept. 6, 2007); *see also Lubow Mach. Co. v. Bayshore Wire Prods. (In re Bayshore Wire Prods.)*, 209 F.3d 100, 103 (2d Cir. 2000) ("Like the District Court, we review the Bankruptcy Court's findings of fact for clear error, . . . its conclusions of law *de novo*, . . . its decision to award costs, attorney's fees, and damages for abuse of discretion."); *accord In re Ionosphere Clubs*, 922 F.2d 984, 988-89 (2d Cir. 1990).

III. DISCUSSION

Debtor argues that the Bankruptcy Court erred in dismissing his bankruptcy petition based upon Debtor's failure to comply with the statutory credit counseling requirement. Specifically, Debtor argues that he should have been exempted from that requirement because he was incarcerated and, therefore, unable to comply. As set forth below, this Court disagrees and affirms the Bankruptcy Court's April 14, 2008 Order.

A. The Credit Counseling Requirement

Section 109 of the Bankruptcy Code provides, in relevant part, the following:

> [A]n individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available

2

credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1). Thus, under Section 521 of the Bankruptcy Code, a debtor is required to file with the Bankruptcy Court "a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor." 11 U.S.C. § 521(b)(1).

There are enumerated statutory exceptions to the credit counseling requirement, including the following: (1) an exception for "a debtor who resides in a district for which the United States trustee (or the bankruptcy administrator, if any) determines that the approved nonprofit budget and credit counseling agencies for such district are not reasonably able to provide adequate services to the additional individuals who would otherwise seek credit counseling from such agencies by reason of the requirements of [Section (h)(1)]" (11 U.S.C. § 109(h)(2)(A)); (2) an exception for a debtor who has "exigent circumstances" warranting a temporary waiver of the requirement, not to exceed 45 days from the date the debtor filed the petition (11 U.S.C. § 109(h)(3)(A)); and (3) an exception for a debtor "whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone" (11 U.S.C. § 109(h)(4)).

With respect to the Section 109(h)(4) exception, the statute defines "incapacity" to mean "that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities." 11 U.S.C. § 109(h)(4). In addition, "disability" is defined as a situation where "the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under [Section (h)(1)]." 11 U.S.C. § 109(h)(4).

B. Analysis

Debtor contends that he was exempt from the credit counseling requirement under Section 109(h)(4) because his incarceration constitutes an inability to comply due to "incapacity" or "disability." However, as set forth below, the Court disagrees.[2]

In analyzing this issue, this Court relies on the plain meaning of the statutory language which defines these terms under Section 109(h)(4). *See Green v. City of New York*, 465 F.3d 65, 78 (2d Cir. 2006) ("Statutory analysis begins with the text and its plain meaning, if it has one.") (citations and quotation marks omitted); *Lee v. Bankers Trust Co.*, 166 F.3d 540, 544 (2d Cir. 1999) ("It is axiomatic that the plain meaning of a statute controls its interpretation, and that judicial review must end at the statute's unambiguous terms.") (citations omitted).

With respect to Debtor's argument that he is exempt due to incapacity, because the plain language of the statutory definition of "incapacity" is limited to impairments "by reason of mental illness or mental deficiency," *see* 11 U.S.C. § 109(h)(4), incarceration clearly does fit within that statutory definition. Debtor never contended in Bankruptcy Court,

---

[2] The Court also concludes that none of the other exemptions would apply to Debtor's circumstances.

3

nor does he contend here, that he suffered from any mental illness or mental deficiency that prevented him from fulfilling the credit counseling requirement; rather, he simply points to his incarceration. Under such circumstances, the "incapacity" exception under Section 109(h)(4) is clearly inapplicable to Debtor.

The Court finds Debtor's attempt to invoke the Section 109(h)(4) exception for "disability" to be similarly unavailing. Instead, this Court concludes that incarceration is not a "disability" as defined under Section 109(h)(4). As noted *supra*, "disability" is defined as a situation where "the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under [Section (h)(1)]." 11 U.S.C. § 109(h)(4). Given the plain language of that definition, Debtor does not qualify based upon his incarceration for two reasons. First, the ordinary, common meaning of the term "physical impairment" refers to an impairment caused by a physical condition or characteristic inherent to the person, rather than some impairment caused by external conditions unrelated to the person's physical health or makeup. Thus, utilizing the common meaning of the term "physical impairment," such a term would not generally be used to describe an individual's incarceration – that is, an incarcerated individual is not generally described as "physically impaired" simply because he resides in a prison. In short, there is nothing in the statutory definition of "disability" or the statutory framework as a whole that creates a blanket exemption from this requirement for incarcerated debtors, and it is not the proper role of this Court to create an exemption that is absent from the statutory language.

Second, even if incarceration could qualify as a "physical impairment" under certain circumstances, Debtor would still not meet the requirements for "disability," because the definition also requires the physical impairment to be such that the debtor is unable "after reasonable effort" to participate either "in an in person, telephone, or Internet briefing" under Section 109(h)(1). However, Debtor made no showing to the Bankruptcy Court that, even though he is incarcerated, he cannot participate in a credit counseling session by telephone. In fact, to the contrary, Debtor has attached to his brief on this appeal a Certificate of Counseling reflecting that, after his bankruptcy petition was dismissed by the Bankruptcy Court in April 2008, he satisfied the credit counseling requirement by telephone in July 2008, while he was still incarcerated. Therefore, Debtor's ability to obtain the credit counseling by telephone clearly places him outside the definition of "disability" even assuming *arguendo* that term could, under certain circumstances, be applicable to incarceration.

Although some bankruptcy courts have reached a different conclusion and the Second Circuit has never addressed this issue, this Court's conclusion is consistent with "[t]he majority of courts which have considered the issue [and] have held that incarceration does not amount to a 'disability.'" *In re Hubel*, 395 B.R. 823, 825-26 (N.D.N.Y. 2008) (collecting cases); *accord In re Larsen,* No. 08-33993, 2009 WL 77868, at *2 (Bankr. E.D. Wis. Jan. 9, 2009); *In re Anderson*, 397 B.R. 363, 366-67 (6th Cir. BAP 2008). For example, in *Hubel*, the court explained:

> The court begins from the premise that the term "disability" is commonly used

4

to refer to an impairment that is inherent to the person, not one which is imposed by external conditions the alleviation of which would relieve the disability. It is clear, of course, that Congress was not satisfied that the common understanding of "disability" would be sufficient; after all, the statute takes the extra step of defining "disability." But the definition is notable for what it does not include: any explicit reference to incarceration. If Congress had intended for incarcerated debtors to be treated as disabled, then surely, having both recognized the ambiguous nature of the term "disability" and undertaken to clarify it, Congress could have chosen clearer language to express such intent. It appears more likely that in choosing to define "disability," Congress did not intend to alter its common meaning, but rather meant to clarify the degree or severity of the disability that was required to warrant an exemption. This reading is borne out by Congress's use of the phrase "*so* physically impaired . . . ," 11 U.S.C. § 109(h)(4) (emphasis added), which implies a distinction from some lesser form of physical impairment.

395 B.R. at 826; *see also In re Larsen,* No. 08-33993, 2009 WL 77868, at *2 (Bankr. E.D. Wis. Jan. 9, 2009) ("[E]ven though incarceration may erect physical barriers to the debtor's finding an available telephone or computer to obtain the briefing, it is not a physical impairment in the sense that it is not an injury, defect, or characteristic of this person's physical makeup that prevents him from doing what is necessary to obtain the briefing."). This Court agrees with the well-reasoned analysis by the court in *Hubel*. Moreover, other courts, in addressing this issue, also have pointed to the fact that prisoners could conduct these counseling sessions by telephone. *See, e.g., In re Anderson*, 397 B.R. at 367 (6th Cir. BAP 2008) ("Anderson submitted a document from a prison official stating that the prison would allow him to make a telephone call to a credit counseling agency if it were directed to do so by court order. Accordingly, Anderson has not demonstrated that he is physically prevented from obtaining the required credit counseling."); *In re Latovljevic*, 343 B.R. 817 (Bankr. N.D. W. Va. 2006) (dismissing case under Section 109(h)(1) and noting that debtor had credit counseling services available to him by telephone in jail). To the extent some bankruptcy courts have concluded otherwise and found incarceration to be a physical impairment, the Court does not find their analysis persuasive, especially as it would be applied to the circumstances of this case, where Debtor had the ability to obtain the credit counseling by telephone.

Finally, to the extent that Debtor claims some infringement on his fundamental rights due to this dismissal, there is simply no basis for that contention. As noted above, Debtor had the ability to satisfy this counseling requirement by telephone from prison but, for whatever reason, chose not to do so until after his bankruptcy case was dismissed. Moreover,

5

now that Debtor has apparently obtained the credit counseling certificate by telephone from jail (as attached to his brief on appeal), there is no reason that he cannot simply file a new bankruptcy petition, as suggested by the Trustee in his response. (*See* Trustee's Letter, dated November 20, 2008, at 2) ("I also respectfully submit to the Court that I do not understand the debtor's appeal in that debtor has adequate alternative remedies: he could simply have filed a new bankruptcy petition.").

In sum, having carefully reviewed *de novo* the record and arguments, the Court concludes that the Bankruptcy Court properly dismissed Debtor's bankruptcy proceeding for failure to comply with the Budgeting and Counseling Requirement as mandated by 11 U.S.C. § 109(h)(1).[3]

### IV. CONCLUSION

For the foregoing reasons, after careful consideration of the record, under *de novo* review, the Court finds Appellant's arguments on appeal to be without merit and affirms the April 14, 2008 Order of the Bankruptcy Court.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 2, 2009
Central Islip, New York

\* \* \*

The Appellant-Debtor is proceeding *pro se*. The attorney for the Appellee-Trustee is Neil H. Ackerman, Melzer, Lippe, Goldstein & Breitstone, LLP, 190 Willis Ave., Mineola, NY 11501.

---

[3] To the extent Debtor has raised other arguments, the Court also finds those arguments to be without merit. For example, Debtor notes that Bankruptcy Judge Fuller's April 14, 2008 Order occurred four days after an entry in the docket sheet indicated that, by Administrative Order, the proceeding was going to be re-assigned to Bankruptcy Judge Dorothy Eisenberg. Thus, Debtor suggests that Judge Fuller could not dismiss his case. However, it is clear from the record, including the language of the April 14, 2008 Order, that at the hearing on April 9, 2008, the Court concluded that the proceeding needed to be dismissed because of failure to comply with the Credit Counseling Requirement, and the April 14, 2008 Order was simply memorializing by written Order what had already occurred orally on April 9, 2008, before the administrative re-assignment to Judge Eisenberg. In any event, Debtor has no right to have his case decided by any particular bankruptcy judge and, thus, it is permissible for Judge Fuller to issue the Order even after the administrative re-assignment to Judge Eisenberg in connection with a hearing Judge Fuller had conducted prior to the re-assignment. *See Hampton v. City of Chicago*, 643 F.2d 478, 479 (7th Cir. 1981) ("While plaintiffs have a right to have their claim heard by the district court, they have no protectable interest in the continued exercise of jurisdiction by a particular judge.").